Mr. Justice Clayton
delivered the opinion of the court.
This case arose under the 14th article of the Dancing Rabbit treaty, and bears a strong resemblance to cases heretofore decided by this court. Coleman v. Doe, ex dem. Tish-ho-mah, 4 S. & M. 40; Newman v. Harris & Plummer, 4 How. 560. A verdict and judgment were rendered for the defendants, and the case brought by writ of error to this court. Several charges were given by the court to the jury, at the instance of the defendants; these form the basis of the errors assigned in this court. Only part of these charges need be noticed.
*366 The first is, that a patent is the highest evidence of title; it is evidence that all the prerequisites have been complied with, and cannot be questioned, either in a court of law or equity, unless it be on the ground of fraud or mistake.
2. That before any title can be gained by a second patentee, the first patent must be impeached or set aside, and this can only be done in a court of equity.
3. That priority of date of patent is the best evidence of title, although the opposite party made the first entry.
These instructions are opposed to the'principles laid down in the cases above referred to, as well as to cases in the supreme court of the United States.
In Stoddard v. Chambers, 2 How. S. C. Rep. 317, the court say, “On these facts the important question arises, whether the defendant’s title is not void. This question is as well examinable at law as in chancery.The patent of the defendant having been for land reserved from such appropriation, is void.” Again, in Grignon’s Lessee v. Astor, Ib. 344, the court say, “ the title became a legal one by its confirmation by act of congress, which was equivalent to a patent. It was a higher evidence of title, as it was a direct grant of the fee, which had been in the United States, by the government itself, whereas the patent was only the act of the ministerial officers.” These cases clearly show that these charges were erroneous ; and show the correctness of the principles heretofore asserted in this court.
Most of the other instructions relate to the registration of the Indian, and his residence upon the land. The law upon these points has been settled in this court by the foregoing cases, and we need not repeat what is there said. The charges do not conform to those decisions.
For these errors, the judgment must be reversed, and a new trial granted. It is unnecessary to remark upon the other points in the cause.
Judgment reversed, and new trial awarded.